UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS SOBIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-00030(PLF) |
| UNITED STATES, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANT UNITED STATES' MOTION TO DISMISS AND
OPPOSED MOTION TO STAY REQUIREMENT FOR A
JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant, United States, by and through its undersigned counsel, moves to dismiss the above-captioned case against it.  Plaintiff originally brought this suit against Eric Olson, an employee with the Court Services and Offender Supervision Agency, in the Superior Court for the District of Columbia on or around December 30, 2005.  On January 10, 2006, this case was removed from Superior Court to this Court, and today, February 3, 2006, the United States filed a Notice substituting itself as the party defendant for Mr. Olson.  The United States now moves to dismiss this case because Plaintiff has failed to exhaust his administrative remedies pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, the appropriate statutory basis for tort suits like this one.

Defendant also respectfully moves to stay the requirement for the Parties to file a joint report pursuant to Local Rule 16.3 currently due February 10, 2006.

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities. As required by Local Rule 7(c), a proposed Order consistent with the relief requested in this motion is also attached hereto.

Date: February 3, 2006                  Respectfully Submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/ Beverly M. Russell
_____

Of Counsel:                             BEVERLY M. RUSSELL, D.C. Bar #454257
Steve Bailey                            Assistant United States Attorney
Court Services and Offender             Judiciary Center Building
 Supervision Agency for the             555 4th Street, N.W., Rm. E-4915
 District of Columbia                   Washington, D.C. 20530
                                        Ph: (202) 307-0492

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS SOBIN, | ) |
|       Plaintiff | ) ) ) |
| v. | ) ) ) Civil Action No. 06-00030(PLF) |
| UNITED STATES, | ) ) |
|       Defendants. | ) ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT UNITED STATES' MOTION TO DISMISS
AND OPPOSED MOTION TO STAY REQUIREMENT FOR A JOIN REPORT
PURSUANT TO LOCAL RULE 16.3**

The United States, by and through its undersigned counsel, moves this Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the above-captioned case against it. The United States' factual and legal bases for bringing this motion are set forth below.

I.    BACKGROUND

Plaintiff brought this suit on or around December 30, 2005 in the Superior Court for the District of Columbia against Eric Olson, an employee with the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"), alleging that Mr. Olson "knowingly and maliciously stole a sign created by plaintiff to promote his upcoming classical guitar performance..." See R. 1, Statement of Claim. Plaintiff requests damages in the amount of $200. Mr. Olson, a Community Supervision Officer ("CSO") with CSOSA since July 24, 2003, removed the case to this Court on January 10,

2006, and today, February 3, 2006, the United States filed a notice substituting itself as the party defendant in this matter by virtue of certification, made pursuant to 28 U.S.C. § 2679(d)(1), that Mr. Olson was acting within the scope of his federal employment at the time of the events alleged in Plaintiff's complaint.

Mr. Olson, as a CSO, was assigned to supervise Plaintiff on May 5, 2005. See Ex. 1, Declaration of Eric Olson, Jan. 30, 2006, first page. On April 22, 2005, pursuant to Judgment and Commitment/Probation Order issued by the Superior Court of the District of Columbia, Plaintiff was convicted of criminal contempt and sentenced to one hundred-eighty days in jail with all but 90 days suspended. Id. Plaintiff was also ordered to comply with the conditions of a civil protection order which required, among other matters, that for a period of twelve months from the date of the order that Plaintiff (1) refrain from assaulting, threatening, harassing, or stalking Mr. Darrin P. Sobin or his children; (2) stay at least one hundred feet away from Darrin Sobin's person, home, workplace, vehicles and children; and (3) not contact Darrin Sobin or his children by telephone, in writing, or in any other manner, either directly or indirectly through a third party. Id.

After serving his sentence of ninety days in jail, Plaintiff was released on July 20, 2005 but remained subject to the terms of the Judgment Order and the conditions contained in the civil protection order. Id. It was Mr. Olson's responsibility to supervise

Plaintiff and his compliance with the terms and conditions of the order. Id., first and second pages.

On November 19, 2005, Darrin Sobin communicated in separate telephone calls to Mr. Olson and Mr. Paul Brennan, Supervisory Community Supervision Officer, that his father may have come within one hundred feet of his residence. Id., second page. In so communicating, Darrin Sobin expressed concern at seeing postings of several fliers that advertised arts and crafts shows in the District of Columbia and that specifically included Plaintiff's name as a musical performer at these shows. Id. These fliers were posted adjacent to Darrin Sobin's residence and apartment building where he lived. Id.

On November 22, 2005, Mr. Olson visited the area near Darrin Sobin's residence, and observed several fliers, as previously described in Darrin Sobin's telephone calls. Id. Mr. Olson seized one of the fliers and placed it in Plaintiff's probation file for the purpose of questioning Plaintiff on whether he may have violated the terms and conditions of his probation. Id. On December 1, 2005, Mr. Olson met with Plaintiff at CSOSA for a regular appointment and apprised him that filers had been posted in the area of his son's residence. Id. Plaintiff denied posting any of the fliers and responded that any one of approximately ninety volunteers could have done so. Id.

In summary, the actions described in Plaintiff's complaint were done within the scope of Mr. Olson's employment as a CSO. CSOSA, however, has no record of Plaintiff filing an administrative claim for damages under the Federal Tort Claims Act ("FTCA"),

28 U.S.C. § 2679(d)(1).  See Ex. 2, Declaration of Lunette A. Lander, Assistant General Counsel, Court Services and Offender Supervision Agency, Feb. 1, 2006.

## II.     LEGAL STANDARD

As noted supra, Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(1).  "A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'"  Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987); see also 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)("...subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")

A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and  other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; see also Cureton v. United States Marshal Service, 322 F.Supp.2d 23, 26 (D.D.C. 2004).  Courts have found dismissal of claims for lack of

subject matter jurisdiction appropriate on the following grounds - lack of standing, failure to exhaust administrative remedies, and sovereign immunity. 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

III.  ARGUMENT

    **A.  This suit should be dismissed for failure to exhaust administrative remedies as required by the FTCA.**

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of a statutory waiver of such immunity. Hercules v. United States, 516 U.S. 417, 422-423 (1996); Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990); see also United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985); Pullen v. United States, No.CIV.A. 96-1211 (RCL), 1997 WL 350003, *2 (D.D.C. June 11, 1997). Because a waiver of sovereign immunity must be strictly construed in favor of the sovereign, a waiver of sovereign immunity "is to be read no more broadly than its terms require." Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 712 (D.C.Cir. 1997). Additionally, "any ambiguities in the statutory text must be resolved in favor of immunity." United States v. Williams, 514 U.S. 527, 531 (1995). For example, to sustain a claim for monetary damages against the United States, the waiver of sovereign immunity "must extend unambiguously to such monetary claims." Flatow v. Islamic Republic of Iran, 74 F.Supp.2d 18, 20-21 (D.D.C. 1999), quoting United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992); see also Bienvenuti v. Dep't of Defense, 587

F.Supp. 348, 351-352 (1984). In short, sovereign immunity operates as a jurisdictional bar to suit without an otherwise explicit waiver of such immunity by the United States. See Flatow, 74 F.Supp.2d at 21.

The only possible jurisdictional basis for Plaintiff's complaint against the United States would be under the FTCA. The FTCA operates as a limited waiver of sovereign immunity allowing, at least for certain claims and under specific circumstances, the United States to be sued for torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; see also, Eagle-Picher Industries, Inc. v. U.S., 937 F.2d 625, 627-628 (D.C. Cir. 1991).

However, the FTCA has certain conditions that must be met in order for a party to bring suit against the United States. Absent full compliance with these conditions, this Court lacks jurisdiction to entertain tort claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675(a) which states:

> An action shall not be instituted upon a claim against the United States for damages for injury or loss of property or personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency ....

The courts have uniformly held that the filing of a claim pursuant to 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to filing an action pursuant to the FTCA. See McNeil v. U.S., 508 U.S. 106, 111 (1993)("The command that an 'action shall not be

instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous."); GAF Corp., 818 F.2d at 919; Bowden v. U.S., 106 F.3d 433 (D.C.Cir. 1997); Buss v. United States, No. 96-5138, 1997 WL 195522, at *1 (D.C. Cir. March 5, 1997); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 370 (D.C. Cir. 1997); Johnson v. Allen, No.Civ.A. 04-0316(GK), 2005 WL 607911, *2 (D.D.C. March 14, 2005); Brug v. National Coalition for Homeless, 45 F.Supp.2d 33, 44 (D.D.C. 1999); Johnson v. DiMario, 14 F.Supp.2d 107, 111 (D.D.C. 1998); Williams v. District of Columbia, No.CIV.A. 95CV0936 (RMU), 1996 WL 422328 (D.D.C. July 19, 1996). Moreover, a plaintiff cannot cure his jurisdictional defect by exhausting administrative remedies after filing his complaint. McNeil, 508 U.S. at 112 (1993).

Plaintiff, here, has not presented an administrative tort claim to CSOSA based on the events described in his Statement of Claim initially filed with the Superior Court for the District of Columbia. See Ex. 2, Lander Decl. Thus, he has failed to exhaust his administrative remedies. Accordingly, Plaintiff has failed to meet a jurisdictional requirement to filing a lawsuit. As such, the claim is not properly before the Court and should be dismissed without prejudice for lack of jurisdiction.[1]

---

[1] Courts, when finding that a plaintiff has failed to exhaust, usually dismiss on this basis without prejudice. See, e.g. Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997); Crooker v. Central Intelligence Agency, 577 F.Supp.

(continued...)

**B.**     **Because Plaintiff is barred from bringing this suit on jurisdictional grounds, Defendant respectfully requests that the requirement for the Parties to meet and confer, and file a joint report pursuant to Local Rule 16.3 should be stayed.**

Given the likelihood of pre-discovery disposition of this suit, Defendant is requesting that the Court stay the requirement for a joint report pursuant to Local Rule 16.3. Defendant believes that granting this relief would be consistent with Fed.R.Civ.P. 1 in that a decision on Defendant's pre-discovery motion is likely the most efficient means of disposing of this suit mooting both the requirement for the Parties to address and deal with the issues contained in a 16.3 Report (e.g., discovery, expert reports, initial disclosures, pre-trial and trial matters) and the need for the Court to consider and rule on those issues at a status conference or otherwise. For this reason, Defendant respectfully requests that the Court stay the requirement for the Parties to meet and confer, and submit a joint report pursuant to Local Rule 16.3 until and unless informed by the Court that they must do so after disposition on Defendant's Motion to Dismiss.

Respectfully Submitted,

/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

---

[1](...continued)
1225 (D.D.C. 1984). The dismissal is without prejudice because a party may cure the jurisdictional defect by filing an administrative claim with the appropriate agency in a manner consistent with applicable statutes and regulations. See, e.g. Cureton, 322 F.Supp.2d at 27.

/s/ R. Craig Lawrence

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell

_____
| | |
|---|---|
| Of Counsel: | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Steve Bailey | Assistant United States Attorney |
| Court Services and Offender | Judiciary Center Building |
| Supervision Agency for the | 555 4th Street, N.W., Rm. E-4915 |
| District of Columbia | Washington, D.C. 20530 |
| | Ph: (202) 307-0492 |

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of *Defendant United States' Motion to Dismiss and Opposed Motion to Stay Requirement for a Joint Report Pursuant to Local Rule 16.3* was made by the Court's Electronic Case Filing System and by first class mail this <u>3rd</u> day of February, 2006 to:

Eric Olson
300 Indiana Avenue, N.W., Room 2002
Washington, D.C. 20001

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney