# DECLARATION OF ERIC OLSON, COMMUNITY SUPERVISION OFFICER, COURT SERVICES AND OFFENDER SUPERVISION AGENCY FOR THE DISTICT OF COLUMBIA

I, Eric Olson, am currently a "Community Supervision Officer" with the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"). I have served continuously in that capacity since July 24, 2003, the date I was sworn in, and I continue to serve in that capacity to date.

On May 5, 2005, I was assigned to supervise Mr. Dennis Sobin. On April 22, 2005, pursuant to Judgment and Commitment/Probation Order ("Judgment Order") issued by the Superior Court of District of Columbia, Mr. Sobin was convicted of criminal contempt and sentenced to one hundred-eighty (180) days in jail but with execution of that sentence suspended as to all but ninety (90) days. He was also ordered to comply with all the conditions in Civil Protection Order 3586-02 ("Civil Protection Order"), as modified April 22, 2005 by the same Court. The Civil Protection Order required, among other things, for a period of twelve (12) months from the date of the order, that Dennis Sobin (1) refrain from assaulting, threatening, harassing, or stalking Darrin P. Sobin or his children; (2) stay at least one hundred (100) feet away from Darrin P. Sobin's person, home, workplace, vehicles and children; (3) not contact petitioner or his children by telephone, in writing, or in any other manner, either directly or indirectly through a third party; and (4) obtain mental health counseling as authorized by CSOSA. The petitioner referenced in the civil protection order is Darrin P. Sobin, the son of Dennis Sobin.

After serving his sentence of ninety (90) days in jail, Mr. Sobin was released on July 20, 2006 but remained subject to the terms of the Judgment Order and the conditions contained in the Civil Protection Order described above. It was my duty and



GOVERNMENT EXHIBIT
1
06-0030 PLF

responsibility to supervise Mr. Sobin and his compliance with these terms and conditions. In the course of such supervision, I spoke with Darrin Sobin on several occasions to inquire whether his father had contacted, or attempted to contact, him or his family.

On November 19, 2005, Darrin Sobin communicated in separate telephone calls to me and to Mr. Paul Brennan, Supervisory Community Supervision Officer with CSOSA, that his father may have come within one hundred (100) feet of his residence. In so communicating, he expressed concern at seeing postings of several yellow 8 ½ by 11 inch paper fliers that advertised arts and crafts shows in the District of Columbia and that specifically included Mr. Sobin's name as a musical performer at these shows. These fliers were posted adjacent to his residence and apartment building where he lived.

On November 22, 2005, in the course of my lawfully sworn duties and in my capacity as Community Supervision Officer for Mr. Sobin, I visited the area in close proximity to Darrin Sobin's residence at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and observed several fliers, as previously described by Darrin in his telephone calls, posted adjacent to Darrin's residence and to the apartment building. I documented the location of each flier (e.g., one was posted on a fire emergency alarm and another on a lamppost), seized one of three fliers at one particular location and placed it in Mr. Sobin's probation file as evidence for the purpose of questioning Mr. Sobin on whether he may have violated the terms and conditions of his probation.

On December 1, 2005, I met with Mr. Sobin at CSOSA for a regular and previously scheduled appointment. Upon my apprising him that fliers had been posted in the area of his son's residence, Mr. Sobin denied posting any of the fliers and responded that any one of approximately ninety (90) volunteers could have done so.

In sum, all of the actions taken by me as described above were in the course of my duties and responsibilities as the Community Supervision Officer for Mr. Sobin and in supervising his compliance with the terms and conditions of the Judgment and Civil Protection Order. Investigating the information provided by Darrin Sobin in order to

determine whether Mr. Sobin was in compliance with these orders was part of those duties and responsibilities and my failure to do so would have been a dereliction of them.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Eric Olson, Community Supervision Officer
Court Services and Offender Supervision Agency

Executed on January 30, 2006.