UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS SOBIN, | ) |
|     Plaintiff | ) ) ) ) |
| v. | ) ) Civil Action No. 06-00030(PLF) |
| UNITED STATES, | ) ) |
|     Defendants. | ) ) ) |

**THE PARTIES' JOINT REPORT PURSUANT TO THE
COURT'S NOVEMBER 30, 2005 ORDER**

1. <u>Statement of the Case</u> - Plaintiff brought this suit on or around December 30, 2005 in the Superior Court for the District of Columbia against Eric Olson, an employee with the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"), alleging that Mr. Olson "knowingly and maliciously stole a sign created by plaintiff to promote his upcoming classical guitar performance..." <u>See</u> R. 1, Statement of Claim. Plaintiff requests damages in the amount of $200. Mr. Olson, a Community Supervision Officer ("CSO") with CSOSA since July 24, 2003, removed the case to this Court on January 10, 2006, and on February 3, 2006, the United States filed a notice substituting itself as the party defendant in this matter by virtue of certification, made pursuant to 28 U.S.C. § 2679(d)(1), that Mr. Olson was acting within the scope of his federal employment at the time of the events alleged in Plaintiff's complaint. Specifically, Mr. Olson, in his position as CSO, removed one flier to discuss his concerns that Plaintiff may have violated the terms of a restraining order in posting the flier. On February 3, 2006, the United States also moved to dismiss this suit for lack of subject matter

jurisdiction. On February 6, 2006, this Court substituted the United States as defendant in this suit.

Plaintiff's statement: It is Plaintiff's position that Defendant did not act in his official capacity when he destroyed Plaintiff's property, but rather retaliated against Plaintiff for Plaintiff exercising his constitutional right to petition the government for redress of grievances (i.e., Plaintiff's letter of criticism sent to Defendant's superior), which puts this case in the posture of being a section 1984 Civil Rights Complaint. Plaintiff states that he will offer evidence of retaliation at trial.

    2.    <u>Amendment to Pleadings</u>: Defendant filed a dispositive motion in this suit so issues regarding amendment of pleadings is inapposite. Plaintiff intends to amend pleadings if the court wants further information (beyond the above statement of the case) to classify this case as a section 1984 Civil Rights Complaint.

    3.    <u>Assignment To Magistrate Judge</u>: Defendant opposes referral of this case to a Magistrate Judge. Plaintiff has no objection to such assignment.

    4.    <u>Settlement Possibility</u>: The Parties have not engaged in settlement discussions, and Defendant does not believe that settlement is appropriate given its position that this suit should be dismissed on jurisdictional grounds. Plaintiff has invited Defendant to engage in settlement discussions and will continue to do so.

    5.    <u>Alternative Dispute Resolution (ADR)</u>: Defendant does not believe that ADR is appropriate given its position that this suit should be dismissed on jurisdictional grounds. Plaintiff would welcome ADR.

    6.    <u>Dispositive Motions/Discovery Timeframe</u>: As noted above, Defendant filed a motion to dismiss on February 3, 2006. Pursuant to Local Rule 7(b), Plaintiff's opposition or

other response is due February 17, 2006, and Defendant's reply is due February 27, 2006. Plaintiff alleges that he did not receive Defendant's motion in a timely matter because Defendant erred in serving Plaintiff at his correct address; Plaintiff is therefore requesting an extension to file his answer.

7.  <u>Initial Disclosures</u>: Defendant's position is that Initial Disclosures are not appropriate at this time given its pending motion which might result in dismissal of the remaining claims in this suit. Since Plaintiff opposes Defendant's motion to dismiss, he wishes to proceed with initial disclosures.

8.  <u>Discovery</u>: Defendant's position is that discovery is not appropriate and should be stayed at this time given its pending motion which might result in dismissal of the remaining claims in this suit. Since Plaintiff opposes Defendant's motion to dismiss, he wishes to proceed with discovery.

9.  <u>Experts</u>: Defendant's position is that reports, pursuant to Fed. R. Civ. P. 26(a)(2), are not appropriate at this time given its pending motion which could result in dismissal of the remaining claims in this suit. Since Plaintiff opposes Defendant's motion to dismiss, he wishes to proceed with experts.

10. <u>Bifurcation of Discovery or Trial</u>: Defendant's position is that issues related to bifurcation of discovery or trial are not appropriate at this time given its pending motion which could result in dismissal of the remaining claims in this suit. Since Plaintiff opposes Defendant's motion to dismiss, he wishes to proceed with consideration of these issues.

11. <u>Proposed Date For The Pretrial Conference</u>: Defendant's position is that issues related to trial could likely be mooted if its pending motion is granted. Plaintiff requests that the Pretrial Conference be held on February 24, 2006.

12.  Trial Date: Defendant's position is that issues related to trial could likely be mooted if its pending motion is granted. Plaintiff requests that the Trial be held on March 31, 2006.

Respectfully Submitted,

/s/ Dennis Sobin

_____
DENNIS SOBIN
1718 M Street NW, #151
Washington, D.C.  20036
202-393-1511
DennisSobin@Yahoo.com

/s/ Kenneth L. Wainstein /bmr

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058

/s/ R. Craig Lawrence /bmr

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
United States Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Suite E-4915
Washington, D.C. 20530
Ph:  202-307-0492